**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

ROCHELLE S. ROBERSON,     )
                                 )
       Plaintiff,          )
                                 )
vs.                            )     Case No. CIV-06-1222-F
                                 )
OKLAHOMA CITY PUBLIC     )
SCHOOLS, et al.,          )
                                 )
       Defendants.     )

## <u>ORDER</u>

Two motions to dismiss are before the court:  defendants' collective motion to dismiss, filed December 18, 2006 (doc. no. 11), and individual defendant Ashley Wilson's motion to dismiss, filed December 11, 2006 (doc. no. 7).

The court first addresses defendants' collective motion to dismiss.  That motion seeks dismissal of portions of the complaint for failure to state a claim, on three grounds.  Although plaintiff was granted an extension of time until January 15, 2007 in order to respond to the motion, plaintiff has not objected or otherwise responded to the motion.  A motion which is not opposed within 18 days may, in the discretion of the court, be deemed confessed, and the court hereby does so.  *See*, LCvR7.2(f) (court may deem a motion confessed if no timely response has been filed). Accordingly, the motion is ready for determination.

Defendants' collective motion asks the court to dismiss the individual defendants from plaintiff's claims alleged under Title VII because Title VII applies only to employers and the complaint conclusively shows that the individual defendants are not employers.  The motion also asks the court to dismiss individual defendants Kelley and Wilson from plaintiff's § 1981 claims because the complaint

conclusively shows that those defendants are not state actors.  Finally, all defendants ask the court to dismiss plaintiff's § 1981 claims to the extent that those claims allegedly arise from conduct occurring prior to November 6, 2004, a date two years before this action was filed.

The standard for evaluating a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is well established.  Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party.  Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading, so as to do substantial justice.  United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980).  A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

With respect to the defendants' first ground for dismissal, the court finds and concludes that the complaint includes no allegations that any of the individual defendants are, or were at the relevant times, plaintiff's employers.  Accordingly, all Title VII claims alleged against the individual defendants should be dismissed for failure to state a claim.

With respect to defendants' second ground for dismissal, the court finds and concludes that plaintiff's § 1981 claims (alleged through § 1983) do not allege that the actions of defendants Kelley and Wilson (for example, with respect to harassing phone calls or tailgating) were taken while acting under color of law, or that these actions were pursuant to the responsibilities of these employees' jobs, or that these actions were based on race discrimination.  Accordingly, the § 1981 claims alleged against defendants Kelley and Wilson should be dismissed for failure to state a claim.

Defendant's third ground for dismissal is that certain of plaintiff's § 1981 claims are barred by limitations.  The court finds and concludes that the allegations contained in paragraphs 14 through 26 of the complaint deal with conduct which appears to have allegedly occurred between the summer of 2002 and August of 2004.  These allegations relate to the alleged denial of a position as a para-librarian during the period dating from the summer of 2002 through August of 2004, and to plaintiff's allegedly discriminatory hiring and school assignments in August of 2004.

A two-year statute of limitations applies to § 1981 claims.  Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1532, n.12 (10th Cir. 1995); 12 O.S. Supp. 2006 §95(A)(3).  This action was filed November 6, 2006, more than two years after the conduct described above.  Accordingly, plaintiff's § 1981 claims of discriminatory denial of a position as a para-librarian during the period from the summer of 2002 until August of 2004, and plaintiff's § 1981 claims regarding her allegedly discriminatory hiring and school assignments in August of 2004, are untimely as shown on the face of the complaint.  All defendants are entitled to dismissal of these particular § 1981 claims for failure to state a claim because these particular § 1981 claims are time-barred.

Applying the liberal standards required at this point, the court finds and concludes that each of the claims challenged in defendants' collective motion should be dismissed.  Accordingly, defendants' collective motion is **GRANTED**, and the challenged claims are **DISMISSED** under Rule 12(b)(6).

This ruling moots defendant Ashley Wilson's separate motion to dismiss, and Ms. Wilson's motion is **STRICKEN** on that basis.

As requested in plaintiff's response to Ms. Wilson's motion, plaintiff is **GRANTED** leave to file a first amended complaint on or before February 28, 2007.  Leave to amend is granted for the purpose of correcting any deficiencies identified in this order, if possible, and also for the purpose of alleging any state law tort claims as

to which plaintiff asserts this court has supplemental jurisdiction.  If an amended complaint is not filed, then this action will go forward based on the original complaint as modified by this order's dismissal of certain claims.

Dated this 22nd day of February, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1222p002(pub).wpd